**FOR PUBLICATION**

```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS & JOHN
                                          )
KRIM BALLENTINE,                          )
                                          )
            Plaintiff,                    )
                                          )    Civil No. 2008-60
            v.                            )
                                          )
THE UNITED STATES CHIEF JUSTICE           )
ROBERTS AND THE JUDICIAL BRANCH OF        )
THE GOVERNMENT OF THE UNITED              )
STATES,                                   )
                                          )
            Defendants.                   )
_____)
```

**ATTORNEYS:**

**Krim Ballentine,**
    *Pro se plaintiff.*

**Joycelyn Hewlett, AUSA**
St. Thomas, U.S.V.I.
    *For the defendants.*

### MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendants, Chief Justice John Roberts of the United States Supreme Court and the Judicial Branch of the Government of the United States (the "Defendants"), to dismiss the complaint in this matter. For the reasons given below, the Court will grant the motion.

*Ballentine v. United States Chief Justice Roberts, et al.*
Civil No. 2008-60
Memorandum Opinion
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

The *pro se* plaintiff in this matter, Krim Ballentine ("Ballentine")[1], commenced this action against the Defendants in April, 2008, invoking this Court's federal question jurisdiction.[2] *See* 28 U.S.C. § 1331. The Defendants thereafter filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

The Court heard argument on the Defendants' motion on August 13, 2008. Ballentine appeared *pro se*. At the hearing, it became clear that the Defendants' challenge is not one of subject-matter jurisdiction under Rule 12(b)(1) but failure to state a claim upon which relief may be granted under Rule 12(b)(6).[3] As a

---

[1] Because Ballentine is proceeding *pro se*, the Court has an obligation to hold his pleadings "to a less stringent standard than pleadings from attorneys." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a *pro se* litigant's "ignorance of the law or failure to seek legal advice" is no excuse for noncompliance with legal and procedural requirements. *Lee v. Thompson, P.A.*, 163 Fed. Appx. 142, 144 (3d Cir. 2006) (unpublished) (quoting *Hyman Zamft and Manard, L.L.C. v. Cornell*, 707 A.2d 1068, 1071 (N.J. Super. App. Div. 1999)); *see also Faretta v. Calif.*, 422 U.S. 806, 835 n.46 (1975) (noting that self-representation "is not a license [excusing compliance] with relevant rules of procedural and substantive law").

[2] Specifically, Ballentine relies on the First Amendment of the Constitution and Article III of the Constitution.

[3] *See, e.g., Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996) (noting that "generations of jurists have struggled with the difficulty of distinguishing between Rules 12(b)(1) and 12(b)(6) in federal question cases"); *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989)

*Ballentine v. United States Chief Justice Roberts, et al.*
Civil No. 2008-60
Memorandum Opinion
Page 3

consequence, the Court gave Ballentine an opportunity to respond to the Defendants' motion as if it were brought under 12(b)(6) and to clarify the claims asserted in his complaint.[4]  Ballentine has availed himself of that opportunity and filed a supplemental brief.[5]

## II. DISCUSSION

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).  All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).  A court must ask whether the complaint "contain[s]

---

(noting that the trial court's ruling "failed to properly distinguish between Rules 12(b)(1) and 12(b)(6)").

   [4]   The Third Circuit has explained that

   [a] plaintiff may be prejudiced if what is, in essence,
   a Rule 12 (b) (6) challenge to the complaint is treated
   as a Rule 12(b) (1) motion.  When subject matter
   jurisdiction is challenged under Rule 12 (b) (1), the
   plaintiff must bear the burden of persuasion.  On the
   other hand, under Rule 12(b) (6) the defendant has the
   burden of showing no claim has been stated.

*Kehr Packages, Inc.*, 926 F.2d at 1409 (internal citations omitted).

   [5]   Ballentine's supplemental brief is entitled "Petitioner's Claims as Requested."

*Ballentine v. United States Chief Justice Roberts, et al.*
Civil No. 2008-60
Memorandum Opinion
Page 4

either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 127 S. Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (internal citations omitted).  Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 127 S. Ct. at 1965).

### III. ANALYSIS

It is difficult to analyze the claims that Ballentine presents in his complaint because his pleading seems more like a polemic or a tutorial on the judiciary than a claim for legal relief.  Giving Ballentine's pleading the most liberal reading, however, the Court understands that Ballentine appealed a ruling of this Court in an earlier civil action to the United States

*Ballentine v. United States Chief Justice Roberts, et al.*
Civil No. 2008-60
Memorandum Opinion
Page 5

Court of Appeals for the Third Circuit.[6]  It appears that Ballentine seeks higher review of his appeal by the United States Supreme Court.  Ballentine now prays that this Court will, among other things, "honor his petition."  Again, granting a liberal construction to Ballentine's pleading, it seems that Ballentine's claim is really an expression of his desire for urgent and favorable consideration of his "petition" for higher appellate review.

Making every favorable inference in Ballentine's favor, Ballentine appears to request that this Court issue a writ of mandamus to compel the Supreme Court to take action on a petition that Ballentine may have filed with that Court.  That claim for relief is legally deficient for several reasons.

First, mandamus relief is used by an "*[a]ppellate court* . . . 'to confine *an inferior court* to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it [has the] duty to do so.'" *United States v. Bertoli*, 994 F.2d 1014 (3d Cir. 1993) (emphasis supplied) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)).  The United States Supreme Court, as the highest court in the land, is obviously not an inferior court subject to a district court's

---

[6]  The record is unclear with respect to the nature of that other action.  Ballentine identifies that action as *Ballentine v. United States*, Civil No. 99-130.

*Ballentine v. United States Chief Justice Roberts, et al.*
Civil No. 2008-60
Memorandum Opinion
Page 6

directive.

Second, there is no legal precedent for the relief that Ballentine seeks. Indeed, after an extensive review, the Court has been unable to find any court that has ever recognized as legally valid a claim asking an inferior court to compel a higher court to exercise the higher court's authority. This Court, accordingly, will not create such a precedent.

## IV. <u>CONCLUSION</u>

The Court has taken special care to address Ballentine's various allegations, especially in light of his *pro se* status. That status, however, does not excuse Ballentine from the requirement that he state a viable claim upon which relief may be granted. Faced with that burden, Ballentine has failed to allege a legally viable claim that would allow this Court -- or any court -- to compel the United States Supreme Court to rule on a petition for a writ of certiorari.[7] Accordingly, the Defendants'

---

[7] The Supreme Court's certiorari jurisdiction is confined to the sole discretion of that Court. *See* 28 U.S.C. § 1254(1) ("Cases in the courts of appeals *may be* reviewed by the Supreme Court by . . . writ of certiorari . . . .") (emphasis supplied); *see also Lawrence v. Chater*, 516 U.S. 163, 166 (1996) (noting the Supreme Court's "discretionary certiorari jurisdiction").

*Ballentine v. United States Chief Justice Roberts, et al.*
Civil No. 2008-60
Memorandum Opinion
Page 7

motion will be granted and this matter will be dismissed. An appropriate judgment follows.

                                                                                     S\_____
                                                                                       **CURTIS V. GÓMEZ**
                                                                                         **Chief Judge**